IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID SMITH,                          §
                                      §
            Plaintiff,                §
                                      §
V.                                    §          No. 3:24-cv-1008-D-BN
                                      §
ATTORNEY GENERAL OF TEXAS,            §
CHILD SUPPORT DIVISION,               §
                                      §
            Defendant.                §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff David Smith filed a *pro se* complaint under 42 U.S.C. § 1983 against
the Attorney General of Texas, Child Support Division, in its official capacity, alleging
violations of federal law. *See* Dkt. No. 3.

Senior United States District Judge Sidney A. Fitzwater referred Smith's
complaint to the undersigned United States magistrate judge for screening under 28
U.S.C. § 636(b) and a standing order of reference.

After reviewing the complaint, the undersigned questions whether there is
subject matter jurisdiction and, given the circumstances of this case, enters these
findings of fact, conclusions of law, and recommendation that the Court should
dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Smith notice as to the jurisdictional
deficiencies. And the ability to file objections to the recommendation that this case be
dismissed (as further explained below) offers Smith an opportunity to establish (if
possible) that the Court does have subject matter jurisdiction.

**Discussion**

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023).

So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted); *see, e.g.*, *Tawakkol v. Vasquez*, 87 F.4th 715, 716 (5th Cir. 2023) ("After a bench trial, the district court entered judgment in Tawakkol's favor. Because we conclude that Tawakkol's suit is barred by sovereign immunity, we vacate and remand with instructions to dismiss for lack of jurisdiction." (cleaned up)).

"Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court." *Tawakkol*, 87 F.4th at 718 (citation omitted).

So, "[a]bsent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citation omitted).

That is, "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its

sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (citations omitted).

This jurisdiction-stripping immunity extends to the Office of the Attorney General of Texas and its employees considering the facts alleged here. *See, e.g.*, *El Bey v. Dominguez*, 540 F. Supp. 3d 653, 678 (N.D. Tex. 2020) ("The State of Texas and Texas Attorney General's Office fall squarely within even the narrowest parameters the Supreme Court has imposed on the Eleventh Amendment since 1796." (citation omitted)); *Rodriguez v. Shamburger*, No. 1:23-cv-117, 2023 WL 6466577, at *2 (S.D. Tex. Sept. 5, 2023) ("Relevant here, the Office of the Attorney General of Texas is an arm of the state entitled to sovereign immunity." (cleaned up; collecting cases)), *rec. adopted*, 2023 WL 6465848 (S.D. Tex. Oct. 4, 2023); *cf. Bogard v. Lowe*, SA-21-CV-00021-FB, 2022 WL 1050332, at *5 (W.D. Tex. Apr. 6, 2022) ("[C]hild protective services employees are state employees entitled to Eleventh Amendment immunity." (citations omitted)).

And, because Smith fails to identify an exception to sovereign immunity that would allow this lawsuit to proceed in federal court, the complaint should be dismissed without prejudice for lack of subject matter jurisdiction.

## Recommendation

The Court should dismiss this lawsuit for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 24, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE